**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MANUEL IXMATA, Individually and On Behalf of Others Similarly Situated     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-1310 |
| MOGONYE LAND TECH, LLC and STEPHEN M. MOGONYE.     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Despite having been previously sued for violating the Fair Labor Standards Act ("FLSA"), Defendant Mogonye Land Tech, LLC ("Mogonye") and its owner, Stephen M. Mogonye ("S. Mogonye") (collectively, "Defendants") have continued their illegal business plan of paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Manuel Ixmata ("Ixmata" or "Plaintiff") is one of the workers hired by Mogonye as an hourly employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the FLSA.

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.      Ixmata worked for Mogonye as a landscaping laborer and supervisor from the summer of 2018 until October of 2020. Plaintiff's duties included, but were not limited to, planting trees and shrubs and other plants, and using motorized equipment to dig holes and

trenches for irrigation, drainage, and grading.

2.      During the time he worked for Mogonye, Plaintiff regularly worked in excess of 40 hours per week.

3.      Mogonye paid Ixmata on an hourly basis.  Mogonye did not pay Ixmata an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Mogonye paid Ixmata the same hourly rate for all the hours he worked ("straight time").

4.      Ixmata worked with other individuals who were paid on an hourly basis to perform landscaping-related labor. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, Mogonye also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

**Allegations Regarding FLSA Coverage**

5.      Defendant Mogonye Land tech, LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6.      During each of the three years prior to this complaint being filed, Mogonye was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7.      During each of the three years prior to this complaint being filed, Mogonye regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8.      During each of the three years prior to this complaint being filed, Mogonye

conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9.      During each of the three years prior to this complaint being filed, Mogonye's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

10.     S. Mogonye is an owner of Mogonye who is and was regularly involved in the day-to-day operations of Mogonye.  S. Mogonye has the ability to and does in fact exercise control over the manner in which Ixmata and his co-workers are paid and was a decision-maker in deciding to not pay Ixmata and his co-workers overtime pay. S. Mogonye was an "employer" of Ixmata as that word is defined in the FLSA.

## Plaintiff's Claims

11.     Defendants were legally required to pay Ixmata and similarly situated landscaping laborers and workers ("similarly situated sorkers") overtime pay for all hours that these individuals worked for Mogonye in excess of 40 in any workweek.

12.     Ixmata worked over 40 hours in many workweeks that he worked for Mogonye.

13.     Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Mogonye.

14.     Defendants did not pay Ixmata time-and-a-half for any of the overtime hours that he worked for Mogonye.  Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other landscaping companies that pay their employees all of the money required by law.

15.     The Defendants knowingly, willfully, or with reckless disregard carried out their

illegal pattern or practice regarding overtime compensation with respect to Ixmata and similarly situated workers.  Such practice was and continues to be with regard to the similarly situated workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16.     Defendants violated the FLSA by failing to pay Ixmata overtime pay for hours worked over 40 per workweek.

17.     Ixmata has suffered damages as a direct result of Defendants' illegal actions.

18.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of court under the FLSA.

19.     Defendants were previously sued for failing to pay overtime to their employees in this Court in Civil Action No. 4:17-cv-3389; *Raul Ramos v. Mogonye Land Tech, LLC and Stephen M. Mogonye*. Defendants were thus fully aware of their obligations to pay overtime yet continued to knowingly violate the FLSA's requirements. This means that the claims of the similarly situated workers as described below should be subject to a three-year statute of limitations rather than two.

## Collective Action Allegations

20.     The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the similarly situated workers; that is, paying landscaping workers on an hourly basis and not paying them overtime.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experience is typical of the experiences of the similarly situated workers.

21.     The similarly situated workers to whom notice should be sent are properly defined

4

as:

> **All individuals working for Defendant Mogonye Land Tech, LLC as landscaping workers (no matter their specific title) who are/were employed and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

22.     The Court should order the Defendants to provide contact information for all similarly situated workers to Plaintiff's counsel and allow them to send notice to all similarly situated workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

### Defendant, Jurisdiction, and Venue

23.     Defendant Mogonye Land Tech, LLC is a Texas limited liability company engaged in landscaping work and is an "employer" of Plaintiff as defined by the FLSA. Defendant may be served through its registered agent Stephen Michael Mogonye at his place of business, 13106 Bohemian Hall Road, Crosby, Texas 77532, or his home address, 3903 River Run Drive, Baytown, Texas 77523, or wherever he may be found.

24.     Defendant Stephen Michael Mogonye is an individual person and is an "employer" of Plaintiff as defined by the FLSA.  This Defendant may be served through at his place of business, 13106 Bohemian Hall Road, Crosby, Texas 77532, or his home address, 3903 River Run Drive, Baytown, Texas 77523, or wherever he may be found.

25.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

26.     Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action

demand:

1.      Issuance of notice as soon as possible to all persons performing landscaping work who are/were employed by and paid on an hourly basis by Defendant Mogonye Land Tech, LLC during the three-year period immediately preceding the filing of this complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2.      Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated workers' unpaid overtime wages at the applicable rate;

3.      An equal amount to the overtime wage damages as liquidated damages;

4.      Judgment against Defendants that their violations of the FLSA were willful;

5.      To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6.      All costs and attorney's fees incurred prosecuting these claims;

7.      Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

8.       For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF MANUEL IXMATA**