Case 4:21-cv-01310   Document 11   Filed on 08/10/21 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANUEL IXMATA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-01310 |
| § | |
| MOGONYE LAND TECH, LLC § | |
| and § | |
| STEPHEN M. MOGONYE, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Before the Court is the defendants', Mogonye Land Tech, LLC (the "Company") and Stephen Mogonye (Mogonye), motion to compel arbitration (DE 8). The plaintiff, Manuel Ixmata, filed a response (DE 9), and the defendants have filed a reply (DE 10). After having carefully considered the motion, response, reply, the record, and the applicable law, the Court determines that the defendants' motion to compel arbitration should be **GRANTED**.

**II.    BACKGROUND**

The Company is a commercial landscaping business, and Mogonye is President. From the summer of 2018 until October of 2020, Ixmata worked for the Company as a landscaping laborer and supervisor. On April 20, 2021, Ixmata brought this putative collective action against the defendants for allegedly violating the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA" or "the Act"). Ixmata alleges that he and other similarly situated employees were denied overtime pay for hours worked in excess of 40 hours per week. The defendants now ask the Court to compel the parties to arbitration and dismiss the case or, alternatively, stay the case pending arbitration proceedings.

### III. THE PARTIES' CONTENTIONS

In seeking to compel arbitration, the defendants direct the Court to a Mediation and Arbitration Agreement (the "Agreement"), purportedly signed by Ixmata and Mogonye, on the Company's behalf, on October 31, 2019. The defendants assert that the Agreement requires the parties to arbitrate all employment disputes, including any FLSA action. The defendants also offer the sworn affidavits of two employees who attest to having notified the plaintiff that he had to sign the Agreement as a condition of his continued employment and to having witnessed him sign the Agreement. Further, the defendants offer a federal W-9 tax form and prior timesheet that they assert Ixmata also signed. Additionally, the defendants assert that the Agreement binds Ixmata even if he did not sign it, since he continued working for the defendants after receiving notice of the Agreement.

In response, Ixmata states, by sworn declaration, that he never signed the Agreement, does not recall ever seeing the Agreement, and in any event, would not have been able to read it because he does not understand English. Ixmata further asserts that the signature on his declaration is different from his purported signature on the Agreement.

### IV. ANALYSIS AND DISCUSSION

The Federal Arbitration Act permits an aggrieved party to file a motion to compel arbitration when an opposing party has "failed, neglected, or refused to comply with an arbitration agreement." *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F3d 490, 493 (5th Cir. 2006) (citing 9 U.S.C. § 4). Courts employ a two-step analysis to determine whether a party can be compelled to arbitrate. *Jones v. Halliburton Co.*, 583 F.3d 228, 233 (5th Cir. 2009), *cert. dismissed*, 559 U.S. 998, 130 S. Ct. 1756 (2010). First, the court must determine whether the parties agreed to arbitrate the dispute in question. *Jones*, 583 F.3d at 233–34. This inquiry is

divided into two subparts: (1) whether there is a valid agreement to arbitrate the claims; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.* If the court answers both subparts in the affirmative, it then determines whether any federal statute or policy renders the parties' claim non-arbitrable. *Id.* Here, because neither party contends that a federal statute or policy prevents arbitration in the instant case, the Court limits its analysis to the first step.

Since the plaintiff disputes the very existence of the Agreement, the Court—not an arbitrator—must determine whether the parties formed the Agreement. *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 550 (5th Cir. 2018). Whether there is a valid arbitration agreement is a question of state contract law. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). The parties agree that Texas law applies.

"If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. "The party resisting arbitration bears 'the burden of showing that he is entitled to a jury trial under § 4 of the Arbitration Act.'" *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992). To put the making of the arbitration agreement "in issue," a party must "unequivocal[ly] den[y] that he agreed to arbitrate and produce 'some evidence' supporting his position." *Chester v. DirecTV, LLC*, 607 F. App'x 362, 363–64 (5th Cir. 2015) (per curiam) (alterations in original) (quoting *T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1278 (5th Cir. 1980)).

The Court is of the opinion that the plaintiff has not put the making of the Agreement "in issue" and that the Agreement is valid. The evidence shows that the defendants imposed the Agreement over a year after the plaintiff became employed by the defendant on an at-will basis. "To demonstrate a modification of the terms of at-will employment, the proponent of the

modification must demonstrate that the other party (1) received notice of the change and (2) accepted the change." *Kubala*, 830 F.3d at 203. Simply stated, if an employee continues working after being notified of the changes, then he has accepted the changes as a matter of law. *Id.*

In the case at bar, the defendant offers sworn affidavits of Mogonye and another Company employee, both of whom attest to notifying the plaintiff that he had to sign the Agreement as a condition of his continued employment. The Agreement, itself, states the employee's agreement to arbitrate all employment disputes is a condition of his continued employment. *See* DE 8-1, § 1 ("As a condition of your employment at MOGONYE LAND TECH, you agree that . . . any controversy or claim arising out of or relating to your employment relationship with MOGONYE LAND TECH . . . , will be submitted . . . for final and binding resolution by a private and impartial arbitrator."). In his declaration, the plaintiff does not affirmatively dispute ever receiving or seeing the Agreement. He states only that he does not recall seeing the Agreement. Such a statement, however, does not controvert the defendants' evidence that they notified him of the Agreement and witnessed him signing the same. *See Batiste v. Island Recs., Inc.*, 179 F.3d 217, 223 (5th Cir. 1999) (stating that a party's "inability to remember signing [the contracts] is not sufficient to raise a material issue as to the validity of the agreements" (internal citation omitted)). The uncontroverted evidence shows that the parties formed a valid agreement to arbitrate.

Additionally, the plaintiff's FLSA action falls within the scope of the Agreement. This is evident from the above-cited contract language, as well as the Agreement's express inclusion of FLSA claims in its "Claims covered" section. Because there is a valid agreement to arbitrate and

the dispute falls within the Agreement, the plaintiff is bound to arbitrate his claim. The defendants' motion to compel arbitration should, therefore, be granted.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motion to compel arbitration is **GRANTED**. This case is **STAYED** pursuant to 9 U.S.C. § 3, pending the completion of arbitration proceedings. The Court hereby administratively closes this case but retains jurisdiction to enforce any arbitration award, if appropriate.

It is so **ORDERED**.

SIGNED on this 10th day of August, 2021.

Kenneth M. Hoyt
United States District Judge